MILLER, Judge
(dissenting).
I respectfully dissent.
The parties concede the leases here interpreted were drawn by counsel for lessee (Mid-State and its ancestors in title). Vagueness in the terms of the lease are to be construed against Mid-State. Sharpe v. Jenkins, 250 So.2d 353 (La.App. 1 Cir. 1963).
The lease provides for a primary term of five years, “or as long thereafter as merchantable sand or gravel or either of them is produced therefrom.” Emphasis added. Had Mid-State substituted “and” for the italicized “or”, I could agree to the affirmation of the trial court’s decision.
Other sand and gravel leases as well as hydrocarbon leases specifically provide for an indefinite term when production commences. Mid-State’s provision appears in the lease as an alternative, and I see no reason to construe this vagueness against landowner who was unrepresented when the lease was negotiated.
The lease expired five years after it was executed. Since October 8, 1969, the lease has been reconducted on a month to month basis. Mid-State has failed to timely vacate landowner’s premises and landowner is entitled to the relief sought.